Mora, Appellant, *v.* Registrar of Caguas, Respondent.

Appeal from a Decision of the Registrar of Property Refusing to Cancel the Mention of a Credit.

No. 444.—Decided March 23, 1920.

Record of Title—Allotment for Costs—Condominium.—The allotment of an interest in a property of a certain amount in compensation for certain reductions made and costs incurred in the testamentary proceedings is a condominium right and not a lien that may be cancelled by merger in the same person of the characters of creditor and debtor; therefore, in order to record the whole property in the name of such person, it is necessary first to record the condominium in the names of the adjudicataire and his successors in interest.

The facts are stated in the opinion.

*Mr. A. Mena* for the appellant.

The respondent did not appear.

Mr. Justice Hutchison delivered the opinion of the court.

It seems that the State in some way acquired an undivided interest in certain property and sold the same to one Ulises Jordá y Maymí subject to the right and interest of Victoria Maymí arising out of an allotment made to her of an interest therein to the amount of $1,060 in compensation for certain reductions made and costs incurred in the testamentary proceedings following the decease of Sebastián Jordá; that Victoria Maymí died and in the partition of her estate the interest above mentioned was allotted to her daughter, Matilde Darder Maymí, who transferred the same to Manuel Ovalle; that Ovalle in turn conveyed to Francisco Delgado, who died intestate; that Rafael Delgado, after a decree of heirship, conveyed to Gerónimo Matanzo and Matanzo to Nicolás Morera, who thus became the owner of the entire property, now of record in the name of appellant Mora Ruíz.

The deed from Matanzo to Morera was presented in the registry of property by Mora, together with various other instruments constituting links in the chain of title above outlined, with request for cancellation of the mention on the record of the interest in question by a marginal note of merger. Such cancellation was refused for reasons stated by the registrar as follows:

"Because it not appearing from the registry that the said lien referred to in the aforesaid 19th entry, created in favor of Victoria Maymí by adjudication of the said lien upon her death, had been previously recorded, the fact that Nicolás Morera Roselló, who was the last grantee in the chain of titles in the assignment made of said lien by said grantee Matilde Darder Maymí hereinbefore mentioned, partook, at the time he also acquired the property as shown by the 8th entry thereof, of both the character of creditor and debtor, cannot be considered and the cancellation of said entry by reason of merger on the petition of the present owner of the property, Manuel Morera Ruiz, does not lie, since neither the title of Morera Roselló nor that of his predecessor appears as having been previously recorded in the registry, an indispensable prerequisite to the cancellation of this obligation is either an order of the court to such effect or the consent of the person in whose favor it is created, or of the

persons deriving their rights from him or his legitimate representatives and neither the documents nor the writing presented in accordance with sections 20, 29 and 82 of the Mortgage Law are sufficient. Reference is made as to the curable defect that the area of the lot is not stated."

Appellant insists that the registrar erred:

"First, in considering that the credit for one thousand dollars which is mentioned as a lien on the appellant's house did not become. extinguished by confusion of rights when Nicolás Morera, the owner of it, acquired the encumbered property, inasmuch as the registry does not show that the said lien had been previously recorded.

"Second, in considering that under sections 20, 29 and 82 of the Mortgage Law the documents presented by said appellant are not sufficient for the cancellation of the mention as requested by him.

"Third, in considering that there exists the curable defect that the area of the lot is not stated."

The contention of the appellant as summed up by him is: That if the right mentioned in favor of Mrs. Maymí is considered as a lien on the real property, it was extinguished by a confusion of rights when the said Nicolás Morera acquired the property, inasmuch as he was the owner of the lien on the said property and it was impossible for him to have the two opposing characters of creditor and debtor; and if it is considered as representing a joint interest of its amount, it disappeared as an independent entity when Morera acquired the property and was merged into another unity of a superior order, or the full dominion of the same property belonging to the said owner, for which reason in either case the said credit became extinguished by operation of the law.

Section 1160 of the Revised Civil Code, upon which appellant relies, provides that "whenever the characters of creditor and debtor are merged in the same person, the obligation is extinguished." And appellant cites 3 Galindo, p. 87, in support of the proposition that article 20 of the Mortgage Law requires a previous record only in the case of

alienation or incumbrance as distinguished from mere cancellation. The proposition is sound in the abstract, but inapplicable to the facts herein, for in the instant case we are confronted with a tenancy in common and a series of conveyances rather than a merger of interest as between debtor and creditor.

If the cancellation were made as requested, the true history of appellant's title, in so far as derived from Victoria Maymí, would be more or less obscure, if not incomplete, and the record should speak the whole truth in this regard. It should not show that the interest formerly outstanding in Victoria Maymí has been extinguished when the fact is that the same has simply passed into the hands of the owner of the other undivided interest, thus vesting in him title to the whole property. There is a difference between the extinguishment of a right and the alienation of an interest, although the deed of course operates an extinguishment of the right in the vendor.

Appellant seeks in effect to have the record show that he is the owner of the entire property, without tendering for record the evidence of his title to a portion thereof; and until this evidence is so presented the registrar is under no obligation to examine it further than may be necessary to determine that a transfer of ownership as distinguished from a mere cancellation of a recorded property right is involved. A somewhat similar question was considered and decided in *Maldonado* v. *Registrar*, 25 P. R. R. 783.

A perusal of the syllabus of *Janer* v. *Registrar*, 18 P. R. R. 7, also cited by appellant, will suffice to show that there is no conflict between the doctrine of that case and the conclusion reached herein. The decision of the General Directorate of November 5, 1883, and the Royal Order of April 12, 1884, are equally inapplicable.

Inasmuch as the argument under the third assignment is limited to the proposition that specification of area is not

an indispensable prerequisite to cancellation, we need not now discuss the question so raised.

The ruling appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.